UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-22957-CIV-MARTINEZ-BROWN

ELENA MAGOLNICK,

    Plaintiff,

vs.

RELIANT TECHNOLOGIES, INC.,
RELIANT TECHNOLOGIES, LLC and
SOLTA MEDICAL, INC.

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT -
<u>FAILURE TO WARN</u>**

Plaintiff, Elena Magolnick ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.5, and for the reasons set forth in the accompanying Memorandum of Law in Support of Motion for Partial Summary Judgment (the "Memorandum of Law"), hereby requests this Court for entry of Partial Summary Judgment in favor of Plaintiff and against defendants, Reliant Technologies, Inc., Reliant Technologies, LLC and Solta Medical, Inc. (collectively, "Reliant").

This is a product liability action against Reliant relating to its Fraxel®SR750 laser system. Reliant developed and manufactured Fraxel® and introduced and delivered it into the stream of commerce, advertising it as a product intended as, *inter alia*, a "specific treatment of melasma, a disturbing skin pigmentation that presents as patterns of dark

brown patches on the face." Plaintiff received treatments with the Fraxel®SR750 for her mild melasma.

On August 17, 2010, Plaintiff filed her Complaint against Reliant based upon strict liability, negligence and breach of implied warranties. On October 4, 2010, Reliant filed an Answer and Affirmative Defenses. One of the claims upon which Plaintiff's Complaint is based is a failure by Reliant to warn of the risks which Reliant knew or reasonably should have known were associated with the use of the Fraxel®SR750 laser system. It is Reliant's failure to warn that is the subject of this Motion for Partial Summary Judgment.

As more fully set forth in the Memorandum of Law and Statement of Undisputed Material Facts filed simultaneously herewith, there is no genuine dispute as to any material fact regarding Reliant's duty to warn, breach of that duty and the resulting damage to Plaintiff. All of the record evidence confirms that Reliant knew or should have known about risks associated with the use of the Fraxel®SR750 laser, that Reliant failed to warn Plaintiff about those risks, and that, as a direct result of the failure to warn, Plaintiff was damaged.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Accordingly, Plaintiff is entitled to entry of a partial summary judgment on her claim against Reliant for failure to warn.

Respectfully submitted,

/s/Joel S. Magolnick
**Joel S. Magolnick, Esq.**
Florida Bar No. 776068
**DE LA O, MARKO,**
**MAGOLNICK & LEYTON**
3001 S.W. 3rd Avenue
Miami, Florida 33129
Telephone: (305) 285-2000
Facsimile:   (305) 285-5555
magolnick@dmmllaw.com

and

**Alex Alvarez, Esq.**
Florida Bar No. 946346
**THE ALVAREZ LAW FIRM**
355 Palermo Avenue
Coral Gables, Florida 33134
Telephone:  (305) 444-7675
Facsímile:    (305) 444-0075
alex@integrityforjustice.com

Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I certify that on April 4, 2011, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

/s/ Joel S. Magolnick
Joel S. Magolnick