UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-22957-CIV-MARTINEZ-BROWN

ELENA MAGOLNICK,

    Plaintiff,

vs.

RELIANT TECHNOLOGIES, INC.,
RELIANT TECHNOLOGIES, LLC and
SOLTA MEDICAL, INC.

    Defendants.
_____/

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT**[1]

Plaintiff, Elena Magolnick ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.5, hereby files her Reply in support of her Motion for Partial Summary Judgment against defendants, Reliant Technologies, Inc., Reliant Technologies, LLC and Solta Medical, Inc. (collectively, "Reliant").

**I.    ALL OF THE FACTS IN PLAINTIFF'S STATEMENT OF
UNDISPUTED FACTS SHOULD BE DEEMED ADMITTED**

Local Rule 7.5, provides, in pertinent part,

> …
> **(b) Opposition Papers**. The papers opposing a motion for summary judgment shall include…a single concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried.

---

[1] Reliant filed its Response on April 22, 2011. As per the deadline set forth in the Court's docket, Reliant's Response was due on April 21, 2011. As such, Reliant's response is untimely. Plaintiff would not, however, oppose a motion by Reliant seeking leave to have its late-filed response deemed timely.

> **(c) Statement of Material Facts**. The statement of material facts submitted … in opposition to a motion for summary judgment shall:
>> …
>> (2) Be supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court; and
>> (3) Consist of separately numbered paragraphs.
>
> Statements of material facts submitted in opposition to a motion for summary judgment shall correspond with the order and with the paragraph numbering scheme used by the movant, but need not repeat the text of the movant's paragraphs. Additional facts which the party opposing summary judgment contends are material shall be numbered and placed at the end of the opposing party's statement of material facts...
>
> **(d) Effect of Failure to Controvert Statement of Undisputed Facts.** All material facts set forth in the movant's statement filed and supported as required by Local Rule 7.5(c) will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record.

Reliant has failed to provide a statement of material facts as to which it contends that there exists a genuine issue to be tried, as required by Local Rule 7.5(c).  Moreover, each statement of fact contained in Plaintiff's Statement of Undisputed Facts is fully supported by the pleadings, deposition testimony, affidavits and other competent evidence (i.e. certified copies of public filings).[2]  Thus, because Reliant has failed to comply with Local Rule 7.5(c), all of the facts set forth in Plaintiff's Statement of Undisputed Facts are deemed admitted and Plaintiff is entitled to entry of Partial Summary Judgment.

## II.   THE "FACTS" SET FORTH IN RELIANT'S RESPONSE ARE UNSUPPORTED, INADMISSIBLE AND/OR OTHERWISE <u>INSUFFICIENT TO DEFEAT PLAINTIFF'S MOTION</u>

Even if Plaintiff's Statement of Undisputed Facts were not deemed admitted by

---

[2] Reliant has not contested the admissibility or competency of any of the evidence cited by Plaintiff.

virtue of Reliant's failure to comply with Local Rule 7.5(c), Reliant still fails to provide any evidentiary basis upon which to oppose Plaintiff's Motion for Partial Summary Judgment. Moreover, Reliant uses speculation, hearsay and unauthenticated documents as support for its position.

In its Response, at pages 3-4, Reliant questions the causation of Plaintiff's "**prolonged** hyperpigmentation." (Emphasis added).[3] Reliant, however, provides no support for its speculative statements that Plaintiff's prolonged post-inflammatory hyperpigmentation ("PIH") was caused by something other than the Fraxel® treatment. Reliant refers to an unauthenticated email from Plaintiff, and various unsupported hypotheses in an unsuccessful attempt to create an issue of fact that some action or inaction by Plaintiff or by Plaintiff's treating physician was a cause of Plaintiff's prolonged PIH. Nothing in Plaintiff's email, even if it was properly before the Court, provides any evidentiary support for Reliant's position. Moreover, Reliant provides no affidavit, or any other type of competent evidence, that raises any issue as to any action or inaction by Plaintiff or her physician was a proximate or even a contributing cause to Plaintiff's PIH.[4]

Reliant cannot avoid entry of summary judgment by asserting mere possibilities or unsupported hypotheses. Once the movant in a motion for summary judgment meets his or her initial burden of proof, the nonmovant must "go beyond the pleadings" and by

---

[3] Reliant does not dispute that the post-inflammatory hyperpigmentation itself was caused by the Fraxel® treatments. It only questions whether the <u>prolonged</u> PIH was caused by the treatments.

[4] Specifically, at ¶ 15 of its Response, Reliant makes reference to a cruise taken by Plaintiff **7 months** after the second Fraxel® treatment as a potential contributing factor to her prolonged PIH. Reliant, however, provides no affidavit or other evidentiary support for its theory. Moreover, the Consent prepared by Reliant advises that "the treated area must be protected from exposure to the sun," which, according to Reliant's Consent, only means "sunscreen for **4 weeks** after treatment."

affidavit, deposition testimony, answers to interrogatories and admissions, designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp v Catrett,* 477 U.S. 317, 324, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986). In the instant case, Plaintff has met her burden. Reliant, however, has not, met its burden.

### III.    RELIANT'S FAILURE TO DISCLOSE

In its Response, Reliant mischaracterizes and ignores the evidence submitted by Plaintiff. The crux of Plaintiff's Motion is that Reliant had material information regarding the Fraxel®SR750 laser, which information Reliant failed to disclose.

#### A.    The Risk of PIH

With respect to the issue of the risk of PIH occurring from use of the Fraxel®SR750 laser, Reliant does not, in its Response, dispute any of the following facts:

- Reliant prepared the Consent form which stated that the chances of pigmentary changes were "extremely rare;"

- For Reliant, the term "extremely rare" means 1%;

- The only pilot studies submitted by Reliant to the FDA showed that the incidence of PIH in the studies were 10% and 30%, respectively.

The position that Reliant is now taking is that the term "extremely rare" was really meant to apply, not to the odds of PIH occurring, but, rather, to the odds of PIH lasting as long as it has for Plaintiff – more than 4 years.[5] Nothing in the Consent, nor in any other document or evidence submitted by Reliant, provides **any** support for the interpretation of the Consent language offered by Reliant. Moreover, and more importantly, there is no affidavit, deposition testimony or other evidentiary support

---

[5] See Reliant's Response at page 5, ¶13.

offered by Reliant with respect to the statements in its Response, at page 5, ¶ 14 and page 6, ¶ 17, that it is extremely rare for PIH to last as long as it has for Plaintiff.

What Reliant has failed to advise the Court is that it is fully aware that the two pilot studies that it cites (Rokshar and Tse) do not support Reliant's position at all. As set forth in the studies themselves, there was never any follow-up with any of the study participants beyond three months. As such, there is no way for Reliant to know whether or not the PIH in any of the participants **ever** resolved.

Reliant is merely making unsupported statements in an attempt to create an issue of fact where none exists. In opposing the Motion for Partial Summary Judgment, Reliant "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

### B.     Reliant's Disclosures in 2007 and 2008 SEC Filings

In its Response, Reliant does not even address the fact that, at the time that it prepared the Consent for Plaintiff's physician, it (Reliant) knew, but failed to disclose that:

   i. There was no data available regarding the long-term safety and efficacy of Fraxel laser systems.

   ii. The clinical studies of aesthetic treatments were subject to a number of limitations.

   iii. The results in Reliant's then existing clinical studies may not have been indicative of results that will be experienced by patients over time.

    iv. The clinical studies performed by Reliant did not involve well-established objective standards for measuring the effectiveness of treatment.

    v. Some of Reliant's existing data had been produced in studies that involve relatively small patient groups, and the data may not have been reproducible in larger and more diverse patient populations.

    vi. Clinical studies may conclude that a treatment is effective even if the change in appearance is subtle and not long-lasting.

    vii. Additional long-term patient follow-up studies may indicate that Fraxel laser systems are not as safe and effective as Reliant believed.

    viii. Additional long-term patient follow-up studies may indicate that Fraxel laser systems may not be as safe and effective as alternative treatments offered by others then or in the future.

*See* Statement of Undisputed Facts at ¶ 18.

### C. The Fraxel®SR750 was Outdated

Reliant claims that there is a dispute as to whether the Fraxel®SR750 was already outdated when Plaintiff underwent her treatments in 2006. Sarah Fellenz, the clinical educator employed by Reliant who was responsible for training Plaintiff's physician, testified unequivocally that the Fraxel®SR750 was outdated as of mid-2006. Fellenz Depo. at 57:23-24; 59:12-17.[6]

Reliant claims that the Fraxel®SR750 was not, in fact, outdated, but rather was merely "updated" and that the change to the SR1500 had nothing to do with reducing the

---

[6] The relevant excerpts of the Fellenz Depo are attached as Exhibit "D" to Plaintiff's Statement of Undisputed Facts.

risk of complications. Reliant, however, provides no evidentiary support for its statement. Reliant's use of the testimony of George Frangineas is misplaced. First, at no time does Mr. Frangineas, or anyone else, state that the SR1500 was merely an update to the SR750. Moreover, with respect to the SR1500 lowering the risk of PIH, Mr. Frangineas stated that he did not recall whether there was a lower risk of PIH with the SR1500. Frangineas Deposition at 143:5-11.

On the other hand, Sarah Fellenz, Reliant's Clinical Educator, testified that (1) the density of the treatment with the SR750 was outdated; (2) the denser the treatment, the higher the risk of PIH; and (3) the SR1500 was developed to provide users with 13 different density settings as opposed to the 2 settings available on the SR750. Fellenz Depo. at 60:4-7, 22-25; 61:1-4, 23-25; 62:1-8. Reliant has not provided any evidence to dispute the evidence set forth in the Motion for Partial Summary Judgment that the Fraxel®SR750 was outdated at the time that Plaintiff underwent her first treatment and that Reliant failed to warn Plaintiff and Plaintiff's physician that it was outdated.

### IV. THE FAILURE TO WARN WAS THE CAUSE OF PLAINTIFF'S INJURIES

Reliant claims that there is a question of fact as to whether Reliant's failure to disclose the risks of the Fraxel®SR750 was the proximate cause of her injuries.[7] The only competent evidence before the Court on the issue of proximate causation is that submitted by Plaintiff. First, Plaintiff has submitted an uncontroverted Affidavit, stating that had she known (1) that the pilot studies submitted to the FDA had shown the risk of PIH to be between 10% and 30%; or (2) any of the risk factors and limitations set forth

---

[7] The only issue Reliant addresses is the failure to disclose the PIH risks from the pilot studies. Reliant does not discuss at all the undisputed evidence of its failure to disclose the known risk factors and limitations set forth in its SEC filings.

in the 2007 and 2008 SEC filings; or (3) that the Fraxel®SR750 was outdated at the time she underwent the procedures, she never would have undergone the treatment.

Reliant contends that Plaintiff's Affidavit is "self-serving" and "after-the-fact." Yet, Reliant fails to explain who else besides Plaintiff would be able to provide evidence as to the significance **to her** of the undisclosed information.[8] The Affidavit is not conclusory as Reliant contends. The Affidavit, based upon Plaintiff's personal knowledge, details the factual information that Plaintiff has learned since the filing of her Complaint and explains the significance that information has for Plaintiff.

Reliant cites two cases in support of its contention that Plaintiff's affidavit is legally insufficient. Neither case is applicable. In *Frasher v. Fox Distributing of S.W. Florida, Inc.*, the court rejected the plaintiff's affidavit because it was based not upon personal knowledge, but upon hearsay and plaintiff's subjective beliefs as to the defendant's actions, and because it did not meet the **statutory** requirements for a prejudgment writ of garnishment. In the instant case, however, Plaintiff's affidavit is clearly based upon her personal knowledge and information that she learned from Reliant's own documents. In *Heitmeyer v. Sasser*, an expert's affidavit was stricken because the expert merely opined that the defendant had breached a standard of care without giving any explanation as to the reasoning for his opinion. In the instant case, Plaintiff's affidavit is based upon facts, not conclusory statements or opinions.

Reliant states that Plaintiff has only submitted her own Affidavit in support of her claims and completely ignores all of the evidence submitted by Plaintiff, including the sworn deposition testimony of Dr. Joely Kaufman. In her deposition, Dr. Kaufman

---

[8] Counsel for Reliant deposed Plaintiff, yet failed to inquire as to any of the areas set forth in her Affidavit, thus necessitating the Affidavit.

Case 1:10-cv-22957-JEM   Document 50   Entered on FLSD Docket 04/25/2011   Page 9 of 11

Page 9                                                              Case No. 10-22957-CIV-MARTINEZ-BROWN

testified that, **as a result of the first 2 Fraxel® treatments**, Plaintiff experienced severe PIH such that the mild melasma spread significantly to previously unaffected areas on her face. Kaufman Deposition, the relevant excerpts of which are attached as Exhibit "B" to the Statement of Undisputed Facts, at 37:13-23; 46:18-25; 47:17-21.

In contrast to the evidence submitted by Plaintiff in support of her Motion for Partial Summary Judgment, Reliant's opposition is based solely upon unsupported conjecture, speculation and possibilities. For example, Reliant opines, at ¶ 20 of its Response, that, based upon excerpts from certain medical records, Plaintiff's prolonged PIH[9] *may have been* caused by Plaintiff's "post-treatment regimen and sun exposure." Yet, Reliant provide no affidavits from its expert or anyone else to support its conclusory statements or otherwise contradict Dr. Kaufman's sworn deposition testimony that the Fraxel treatment caused Plaintiff's severe PIH. Reliant's conclusory statements and inadmissible hearsay[10] are wholly insufficient to defeat Plaintiff's Motion for Partial Summary Judgment.

Reliant contends that the issue of the adequacy of its warnings and whether the inadequacy of the warning proximately caused the plaintiff's injury are questions for a jury. In support of its contention, Reliant cites to *Stanley Industries, Inc. v. W.M. Barr & Co., Inc. Stanley Industries*, however, does not support Reliant's position in this case.[11]

---

[9] Again, Reliant does not dispute that the PIH was caused by the Fraxel. Rather, Reliant only claims, without any legitimate basis for doing so, that the length of time that the PIH has lasted may be the result of something else.

[10] The May 8, 2007 email from Dr. Kaufman referenced by Reliant at ¶20 has never been authenticated by anybody, nor does Reliant claim any applicable hearsay exception.

[11] In *Stanley Industries*, the defendant claimed that the plaintiff did not read the warnings that were on the product, and thus, even if adequate warnings were given, it would not have mattered. In the instant case, it is undisputed that Plaintiff read the warnings that were provided by Reliant

In the instant case, Plaintiff's Motion for Partial Summary Judgment is based upon Reliant's concealment of known risks from, and limitations of, the Fraxel SR750; and Reliant falsely representing the risks of PIH as being "extremely rare." There is no issue to be submitted to a jury because the uncontroverted evidence, including the sworn testimony of Reliant's own witnesses and Reliant's own documents, unequivocally establishes that Reliant knew of, but concealed, known risks and limitations of the Fraxel SR750.

"The question framed for causation in the negligent failure to warn category is: Had the seller supplied an adequate warning, would the injured plaintiff have changed [her] behavior so as to avoid injury?" *Stanley Industries*, 784 F.Supp. at 1574. As set forth above, the only answer to this question is "yes." Plaintiff's uncontroverted Affidavit clearly states that, had she known about the risks and limitations known to, but concealed by, Reliant, she would not have undergone the Fraxel treatments. Reliant has not provided, nor can it provide, any evidence to support a contrary conclusion.

There is no issue of fact, other than possibly the one created by Reliant's attempt to contradict the testimony of its own witnesses and its own documents. That is not sufficient to defeat summary judgment.

## V. CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests the Court to enter an Order granting Partial Summary Judgment in favor of Plaintiff, and for such further relief as this Court deems just and proper.

---

in the Consent form and understood those warnings. Reliant does not, nor can it, contend that Plaintiff did not read warning information provided to her regarding the Fraxel.

Respectfully submitted,

/s/Joel S. Magolnick
**Joel S. Magolnick, Esq.**
Florida Bar No. 776068
**DE LA O, MARKO,
MAGOLNICK & LEYTON**
3001 S.W. 3rd Avenue
Miami, Florida 33129
Telephone: (305) 285-2000
Facsimile:  (305) 285-5555
magolnick@dmmllaw.com

and

**Alex Alvarez, Esq.**
Florida Bar No. 946346
**THE ALVAREZ LAW FIRM**
355 Palermo Avenue
Coral Gables, Florida 33134
Telephone: (305) 444-7675
Facsímile:  (305) 444-0075
alex@integrityforjustice.com

Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I certify that on April 25, 2011, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

/s/ Joel S. Magolnick
Joel S. Magolnick